In the Matter of the Probate of the Will of MARIE ERICSON, Deceased.

Surrogate's Court, Suffolk County, June 14, 1951.

*Fowler & Kendrick* for Philip B. Matthews, proponent.

*Sanford C. Nussenfeld* for Royal Consul of Sweden.

*Joseph Stuckart,* special guardian.

HAZLETON, S. This motion is brought by the proponent under section 1522 of the Civil Practice Act to compel the eight contestants opposing probate of the propounded paper to provide security for costs. These contestants, one of whom is an infant, constitute all the distributees of the deceased, and all reside in Sweden. Two of the contestants are beneficiaries under the propounded paper, and the funds of their bequests are substantial and within the jurisdiction of this court. The Royal Consul General of Sweden at New York, who appears in this proceeding ex officio for his countrymen, the eight contestants, opposes this motion.

The propounded paper, which was executed in a hospital by the deceased shortly before her death, names a friend, to the exclusion of blood relatives, as residuary legatee. There was a previous will outstanding at the time the document was signed by the decedent.

Section 1522 of the Civil Practice Act, under which this motion is brought and according to which posting security for costs might be mandatory, is not applicable. This motion should have been brought under section 282 of the Surrogate's Court Act, which reads that a petition for security for costs is addressed to the discretion of the Surrogate. Therefore I will proceed to decide this motion under section 282 of the Surrogate's Court Act.

The Swedish Royal Consul submits that from the examination of the subscribing witnesses heretofore had, he believes it is his compelling duty to proceed to protect the rights and interests of the eight nonresident nationals in accordance with comity, treaties and conventions of the United States and Sweden now in existence. Already this court has granted leave to the contestants, because of special circumstances, to examine under section 288 of the Civil Practice Act those present in the hospital at the time the alleged testament was signed, and also to proceed under section 324 of the Civil Practice Act anent the

hospital records. The examination and discovery have not been completed.

A consular officer, acting in behalf of his nationals, is in effect taking a protective position before the court to make sure that the rights and interests of his countrymen have not been infringed upon and that they receive the proper protection of the court.

By the treaty entered into between the United States and Sweden, it is provided under article Nine thereof as follows:

" Consuls-general, consuls, vice-consuls-general, vice-consuls, and consular agents shall have the right to address the authorities whether, in the United States, of the Union, the States, or the municipalities, or in Sweden, of the State, the Provinces, or the commune, throughout the whole extent of their consular district in order to complain of any infraction of the treaties and conventions between the United States and Sweden, and for the purpose of protecting the rights and interests of their countrymen. If the complaint should not be satisfactorily redressed, the consular officers aforesaid, in the absence of a diplomatic agent of their country, may apply directly to the Government * * *." (37 U. S. Stat. 1483.)

The position of the Swedish Royal Consul is therefore different from that of the usual nonresident contestant. His are not the average type of formal objections usually interposed in a probate proceeding, but in effect are similar to those interposed by a special guardian in behalf of wards, infants and incompetents. Therefore, instead of the Royal Swedish Consul being impeded in his work, he should be aided in every reasonable way in his investigation. Protocol and comity suggest such action upon the part of this court toward the representative of a friendly nation, and fortunately I find no statute preventing such an attitude. Thus, it appears that this motion might well have been withheld until the examination and discovery heretofore granted the contestants by this court under sections 288 and 324 of the Civil Practice Act had been completed, from which it may become apparent whether there is merit to the position of the contestants. In any event, the legacies provided for the two contestants named in the disputed paper total a sum which could amply take care of any costs that might be imposed later.

This motion therefore is accordingly denied.

Submit order upon notice.